**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**KILYA LANEY**                                                                                                              **PLAINTIFF**

**V.**                                                                                                          **NO. 4:25-CV-22-DMB-JMV**

**CORA COLLINS; and
JOHN AND JANE DOES 1-10**                                                                              **DEFENDANTS**

**ORDER**

On February 18, 2025, the Court ordered Cora Collins, as the party invoking this Court's diversity jurisdiction, to within fourteen days (1) show cause why this case should not be remanded for lack of diversity jurisdiction "[b]ecause [Kilya] Laney's complaint does not specify the amount of damages she seeks [so] the amount in controversy is not facially apparent;" and (2) "if diversity jurisdiction can be properly established, … amend the removal notice pursuant to 28 U.S.C. § 1653 to cure the deficient jurisdictional allegations." Doc. #5 at 2.

On March 3, 2025, Collins filed a document titled "Stipulation of Damages" in which Laney "stipulates" that (1) she "is seeking damages in this proceeding in the Circuit Court of Washington County, Mississippi, against the Defendant … in excess of Seventy-Five Thousand Dollars;" (2) she "is contending that her total damages, compensatory and punitive exceed Seventy-Five Thousand Dollars;" (3) she "is seeking to recover at the trial of this case damages in excess of Seventy-Five Thousand Dollars;" and (4) "the amount in controversy in this matter is in excess of Seventy-Five Thousand Dollars … therefore [th]is matter is proper in the United States District Court." Doc. #7 at 1–2. The next day, Collins filed her response to the show cause order stating that she "has received [Laney's] Stipulation of Damages" and "[i]t is [her] position that with the Stipulation of Damages of [Laney], the amount in controversy requirements for this case

to remain in the United States District Court is satisfied."[1] Doc. #8 at 1.

As the Court specified in its show cause order, "when the plaintiff does not 'demand a specific amount, the removing defendant has the burden of proving, by a preponderance of the *evidence*, that the amount in controversy' is met." Doc. #5 at 2 (quoting *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 888 (5th Cir. 2014) (emphasis added)); *see Allstate Fire v. Love*, 71 F.4th 348, 351–52 (5th Cir. 2023) ("[When] "the amount in controversy is not apparent, [a court] may rely on 'summary judgment' type evidence."). But Laney's "stipulation" is not evidence—its contents are neither sworn to by Laney nor does it meet the requirements of an unsworn declaration under penalty of perjury in accordance with 28 U.S.C. § 1746.[2] And to the extent Collins, apparently with Laney's cooperation, filed a "stipulation" drafted and executed by Laney, and relies on it to demonstrate the requisite amount in controversy, it is insufficient because "parties may not *consent* to jurisdiction." *Durbois v. Deutsche Bank Nat'l Trust Co.*, 37 F.4th 1053, 1060 (5th Cir. 2022) (emphasis in original); *see Megalomedia Inc. v. Phila. Indem. Ins. Co.*, 115 F.4th 657, 659 (5th Cir. 2024) ("The parties cannot stipulate to diversity jurisdiction, just as they cannot stipulate to any other form of subject matter jurisdiction."). More, the conclusory assertions in the document present no *facts* bearing on the jurisdictional issue.[3] *See Durbois*, 37 F.4th at 1060 (parties may "*stipulate or admit* to *facts* underlying jurisdiction.") (emphases in original); *see also Dykes v. Lyft, Inc.*, 551 F. Supp. 3d 618, 623 (M.D. La. July 30, 2021) ("[Defendant] does not submit any evidence … in support of a finding that Plaintiff's injuries support a finding that the amount in controversy requirement was satisfied at the time of removal."). Finally, to top it all off, Collins

---

[1] The document is dated "the 25th day of February, 2025." Doc. #7 at 2 (underlining omitted).

[2] *See* 28 U.S.C. § 1746 (providing that "[w]herever … any matter is required or permitted to be … evidenced … by the sworn … affidavit, in writing of the person making the same …, such matter may, with like force and effect, be … evidenced …. by the unsworn declaration … in wiring of such person which is subscribed by him, as true under penalty of perjury, and dated ….").

[3] In that regard, the document is just as bare as the jurisdictional allegations in the notice of removal.

failed to amend her removal notice within the time period set by the Court, and has not done so to date.

For these reasons, the Court concludes that Collins has failed to meet her burden to demonstrate the requisite amount in controversy and, consequently, has failed to demonstrate the existence of diversity jurisdiction. So, this case is **REMANDED** to the Circuit Court of Washington County, Mississippi.

**SO ORDERED**, this 2nd day of September, 2025.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**